UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
BRANDON A. COVIAL,

                 Plaintiff,

         -against-                            **ORDER**
                                              24-CV-3125-SJB
MARVIN FRANCILLION, NYPD Police Officer
Badge #26731, ASHLEY DUNCAN-PETERS,
NYPD Police Officer Badge #5093, CHRIS BUDHAN,
NYPD Police Officer Badge #18680, THOMAS
WALSH, NYPD Police Officer Badge #843,
THOMAS GUGLIOME, NYPD Police Officer Badge
#25144, IRVING MARTINEZ, NYPD Police Officer
Badge #1975, and VINCENT LEE, NYPD Police
Officer Badge #4331,

                 Defendants.
--------------------------------------------------------------X
**SANKET J. BULSARA, United States Magistrate Judge**.

     On April 24, 2024, *pro se* Plaintiff Brandon A. Covial filed the instant *pro se*

complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on or about May 13, 2021,

he was falsely arrested at the United States Post Office located in Manhattan.  (Compl.

dated Apr. 24, 2024, Dkt. No. 1 at 7).  Although unclear, he appears to allege that he was

also falsely arrested at the Seward Public Library located in Manhattan.  (*Id.*).  Plaintiff

named as Defendants police officers alleged to work out of two police precincts in

Manhattan.  Plaintiff seeks monetary damages.  The action is transferred to the United

States District Court for the Southern District of New York for the reasons discussed

below.

     Under 28 U.S.C. § 1391, a federal civil case may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are
residents of the State in which the district is located; (2) a judicial district in
which a substantial part of the events or omissions giving rise to the claim
occurred, or a substantial part of the property that is the subject of the

action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because Plaintiff's claims of false arrest arose in Manhattan, the Defendants are alleged to be employed as police officers in Manhattan,[1] and Plaintiff does not allege that the events or omissions underlying his claim arose in this judicial district, venue does not appear to be proper in this Court under § 1391(b)(1)(2). "Moreover, because Plaintiff does not reside in a county within the District and the events giving rise to [his] claims did not occur within this District, [his] choice of forum is given less deference." *Hankerson*, 2024 WL 1468311, at *2. If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see, e.g.*, *Huang v. Valarhash LLC*, No. 22-CV-9973, 2023 WL 7325927, at *2 (S.D.N.Y. Nov. 7, 2023).

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Southern District of New York. 28 U.S.C. §§ 1391(b), 1406(a); *see Alexander v. Comm'r of Soc. Sec.*, No. 23-CV-6964, 2023 WL 6125634, at *3 (S.D.N.Y. Sept. 19, 2023) ("[T]ransfer orders are non-dispositive and consequently within the

---

[1] For the purposes of venue in federal court, the City of New York, as an entity, "resides" in both the Eastern District and Southern District of New York. *See, e.g.*, *Savarese v. City of New York*, No. 18-CV-5956, 2019 WL 2482387, at *4 (S.D.N.Y. June 13, 2019). However, Plaintiff here has not named the City as a defendant; he has instead named seven NYPD police officers. Therefore, venue is instead proper in the district where the underlying events are alleged to have taken place—in the Southern District of New York. *See Hankerson v. 61 Pct.*, No. 24-CV-1158, 2024 WL 1468311, at *1–*2 (S.D.N.Y. Feb. 26, 2024).

authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A).") (collecting cases).

A decision on Plaintiff's request to proceed *in forma pauperis* is reserved for the transferee court.  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.  This order closes this action in this Court.

SO ORDERED.

/s/ *Sanket J. Bulsara*  May 28, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

3